UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOSE S. RUIZ,

        Plaintiff,

        v.

Case No. 26-cv-0066-bhl

FRANK BISIGNANO,
Commissioner of the Social
Security Administration,

        Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

    On January 14, 2026, Plaintiff Jose S. Ruiz filed a complaint seeking review of the decision of the Commissioner for Social Security. (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepaying the filing fee or *in forma pauperis* (IFP) utilizing the Court's local form. (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. §1915(a)(1), (e)(2).

    In his motion, Ruiz states that he is unemployed and that his spouse brings in $1,350.00 per month. (ECF No. 2 at 1–2.) They receive $546.00 in food stamps and $238.00 for health-related purposes per month. (*Id.* at 2.) His monthly expenses total $1,885.00. (*Id.* at 3.) Ruiz's only property is a 2012 Chevy Impala, valued at $3,000.00, and he has $6.89 in a savings account. (*Id.*) Based on Ruiz's representations, which includes a signed declaration under penalty of perjury, the Court concludes that he would have substantial financial difficulty in paying the filing fee.

    This does not end the matter, however. As part of evaluating an IFP request, the Court must also review the complaint for sufficiency. If the complaint fails to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014,

1018 (7th Cir. 2013). Similarly, a frivolous complaint must also be dismissed. 28 U.S.C. §1915(e)(2)(B)(i). "A frivolous complaint is one in which 'the petitioner can make no rational argument in law or facts to support his or her claim for relief.'" *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988) (quoting *Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985)).

Here, Ruiz timely invoked this Court's jurisdiction pursuant to 42 U.S.C. §405(g). (ECF No. 1.) He argues that the administrative law judge decision denying his claim for Supplemental Security Income and Disability Insurance Benefits is not supported by substantial evidence and is contrary to law. (*Id.* at 2.) These arguments are not obviously frivolous and appear to state a potential claim. As a result, the Court will grant Ruiz's request to waive prepayment of the filing fee.

**IT IS HEREBY ORDERED** that Plaintiff Ruiz's motion for leave to proceed without prepaying the filing fee, ECF No. 2, is **GRANTED**.

Dated at Milwaukee, Wisconsin on January 15, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge